**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     11-CV-00090-DME-KMT

CALVIN ANTHONY, An Individual,

Plaintiff,

v.

THE CITY OF GRAND JUNCTION, a political subdivision of the state of Colorado

Defendant.

## STIPULATION AND PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.     In this action, the Parties may seek Confidential Information during discovery and anticipate that there may be questioning concerning Confidential Information in the course of depositions (as defined in paragraph 2 below).  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' or third parties business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony or response to a discovery request, including any extract, abstract, chart, summary,

note or copy made there from – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information.

    3.    Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

        a.    By imprinting the word "Confidential" or "Subject to Protective Order" on the first page or cover of any document produced;

        b.    By imprinting the word "Confidential" or "Subject to Protective Order" next to or above any response to a discovery request or indicating the application of the protective order in the response;

        1.    With respect to transcribed testimony, by either stating on the record during the deposition/hearing that the testimony is "Confidential" or "Subject to Protective Order" or giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty calendar days after receipt of the transcribed testimony.

        c.    With respect to electronically stored information, by labeling each document or file produced as "Confidential" as a component of their Bates number designations.

    4.    Any information designated by a Party as Confidential Information subject to this Protective Order will first be reviewed by an attorney for the Party who will confirm that the designation as confidential is based upon a good faith belief that the information is confidential or otherwise entitled to protection.

5.  All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

6.  Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7.  The Party's counsel who discloses Confidential Information shall be responsible to the maximum extent possible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

8.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for the purposes of this litigation, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

9.  A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, any Confidential Information that has an appropriate basis for a sealing order shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13. Upon termination of this litigation, including any appeals, each Party's counsel shall continue to hold the information confidential.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26 of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

15. The Parties agree that in the event information or documentation is inadvertently disclosed to an opposing Party, any information or documentation so disclosed shall be immediately returned to the producing Party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the Parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated this 18th day of April, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**APPROVED AS TO FORM:**

| | |
|---|---|
| Vaden Law Firm, LLC | Nathan, Bremer, Dumm & Myers, P.C. |
| | |
| *s/ T. Edward Williams* | *s/ Marni Nathan Kloster* |
| T. Edward Williams | J. Andrew Nathan |
| 2015 York Street | Marni Nathan Kloster |
| Denver, CO  80205 | 3900 E. Mexico Avenue, Suite 1000 |
| te.williams@vadenlaw.com | Denver, CO  80210 |
| *Attorney for Plaintiff* | anathan@nbdmlaw.com |
| | mnathan@nbdmlaw.com |
| | *Attorneys for Defendant* |